IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CADEN KOGER, an individual, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-15-36-D |
| UNITED PARCEL SERVICE, INC., a foreign corporation, | ) ) ) ) | |
| Defendant. | ) | |

# **ORDER**

On July 20, 2016, the Court granted Plaintiff's counsel Motion to Withdraw as Counsel of Record [Doc. No. 173]. In that order, the Court directed Plaintiff to, within thirty days, either retain new counsel or file a pro se entry of appearance. *Id.* at 1. To date, nearly two months later, Plaintiff has not complied with the Court's directive. Defendant, accordingly, moves to dismiss this action with prejudice [Doc. No. 175]. Plaintiff has not responded to the motion.

When circumstances make such action appropriate, a district court may, on its own motion or by that of a party, dismiss an action because of a party's failure to comply with court orders designed to ensure orderly prosecution of the case. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars);

*see also Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Here, the Court finds that dismissal is appropriate; however, dismissal of this action with prejudice is, in the Court's view, an unnecessary and extreme sanction under the circumstances.[1] This case is set for trial on the November 2016 trial docket. Plaintiff was directed to retain new counsel and by virtue of his refusal or failure to do so, these proceedings have been delayed and Defendant has been unfairly prejudiced due to Plaintiff's inaction. Nonetheless, this appears to be Plaintiff's first instance of noncompliance with a court order and a dismissal with prejudice was not in consideration when the Court granted counsel's Motion to Withdraw. Accordingly, Defendant's Motion for Dismissal [Doc. No. 175] is **GRANTED IN PART**. The present matter is hereby dismissed without prejudice to Plaintiff's right to refile.

---

[1] In *Jones*, the Tenth Circuit cautioned district courts to consider a number of factors before choosing dismissal as a sanction. *Id*. at 264 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992)). These factors include (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions. *Id*.; *but see Florence v. Decker*, 153 F. App'x 478, 480 (10th Cir. 2005) (unpublished) (noting such factors are inapplicable where dismissal is without prejudice because "dismissal without prejudice is not an extreme sanction because the remedy is simply to cure the defect and refile the complaint.").

**IT IS SO ORDERED** this 13th day of September, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE